IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

FILED
JUN 17 2016
CLERK, US DISTRICT COURT
NORFOLK, VA

Jupiter Dennell Wilson, Sr.

    Plaintiff,

v.                                CIVIL ACTION NO: 2:16cv301
                                  JURY TRIAL DEMANDED

City of Chesapeake,
City of Chesapeake Fire Dept.,
Battilion Chief Carl Ackiss,
Fire Fighter William Copeland,
All in their Official Capacities as the

    Defendants.

## MOTION FOR JUDGMENT AND INJUNCTIVE RELIEF

**Comes now, plaintiff,** Jupiter D. Wilson, to assert invidious Title VII and ADEA violations against the above defendants of whom these "persons" had worked to discriminate against plaintiff based on plaintiff's race, and age in retaliation to perpetuate a continuing wrong violation while with deliberate, and flagrant insubordination having participated in, and in control of the same state and federally regulated employment process by continuing to commit to the following:

## I. INTRODUCTION

1). Since, November 1, 1996, [to date] plaintiff has been an employee of defendant with rights that accords and/or affords plaintiff to engage in promotional opportunities. However; prior to and since the time of preparation for litigation(Case No.: 2:14cv00420-MSD-DEM), plaintiff has been caused to be subjected to a humiliating and perpetuating hostile work environment as originally created, condoned, and controlled by the employer and its' subordinates that is indelibly related to plaintiff's derailed aspirations to obtain a promotion causing plaintiff to seek prior to this current EEOC charge to have filed three other EEOC charges against the defendants dated July 12, 2013, January 13, 2014, and July 14, 2014, respectively of which had triggered three Dismissal and Notice of Rights on May 9, 2014, June 20, 2014, and July 25, 2014, that were together timely filed for a civil action in the United States District Court for the Eastern District of Virginia, Norfolk Division that

were all dismissed April 3, 2015, and was affirmed by the Fourth Circuit Court of Appeals on September 11, 2015, but modified the Dismissal Order "to reflect the district court's dismissal of individual defendants in their official capacities is without prejudice." Wilson v. City of Chesapeake, No. 15-1480, 2015 U.S. App. LEXIS 16180, at *1 (4th Cir. Sept. 11, 2015). The mandate on the Fourth Circuit's affirmance of this Court's Dismissal Order issued on October 5, 2015. ECF 30. Consequently, this case is closed.

2). Now in the current EEOC charge of December 4, 2014, plaintiff again mentions the filing of the prior three EEOC charges making those charges reasonably related.

3). *In all three previous EEOC charges of which share similarity to this current EEOC charge plaintiff has repeatedly complained about being denied promotional opportunities to be released as an "Acting Lieutenant". In the current charge plaintiff states or uses similar wording such as: "to be the acting officer in charge".*

Due to such administrative hostilities, one thing is for certain, that in all EEOC charges, plaintiff has been repeatedly subjected to helplessly witness and experience being passed over for:

(a) *to be released as an "Acting Lieutenant"*, or *"to be the acting officer in charge"*, and

(b) promotion by white officers acting on behalf of the employer for the expressed purpose to select another younger white, like in the current case, Fire Fighter William Copeland to be the acting officer towards promotion coupled with plaintiff being again denied that chance while complaining about the same continued discriminatory retaliation as a continuing wrong violation applied by the defendants based on plaintiff's race and age.

4). Plaintiff has stated within the current EEOC charge that, "I have previously filed three employment discrimination complaints against the Respondent." So with also further respect towards the three EEOC

charges as being all reasonably related to the current EEOC charge the following is materially relevant concerning the defendants' expectancy of prior litigation:

    a). "For several years I have been denied promotional opportunities."

    b). "I have completed all requirements needed except being released as Acting Lieutenant."

5). In the promotional cycle of June 2011, to June 2013, plaintiff received 15 days of training from the 40 days training period as approved by plaintiff's superiors when the normal process is six months to two years. During the promotional cycle of June 2013, to June 2015, plaintiff was released as an Acting Officer for only 18 days.

6). Three other issues that were in the EEOC charges dated for July 12, 2013, and January 13, 2014, of which appears to support the current EEOC charge are:

a). "I was told I would have 40 days to learn and train."

b). "The normal process is six months to two years."

c). "The promotion cycle ended on June 30, 2013."

7). Now as a result of these three quotations as reasonably derived from all EEOC charges, *circumstantial evidence* may be drawn and acquired pursuant to F.R.C.P. 16, 26, and 32 of which can now be further analyzed to infallibly establish with the undisputable fact that *as of to date* **plaintiff has not been promoted.** This fact alone, first, and foremost becomes the bedrock, the material, inevitable pivotal fact of indelible consequence towards correction as also reasonably related to all EEOC charges since plaintiff has asserted that **since, November 1, 1996, [to date] plaintiff has been an employee of defendant with rights that accords and/or affords plaintiff to engage in promotional opportunities.**

8). Now again within the three previous EEOC charges, like this current one, Chief Ackiss who has acted on behalf of the employer has been at or near the center of each of those EEOC charges. Prior to and during the time of litigation as related to the three prior and

current EEOC charges, Chief Carl Ackiss of whom for further identification and clarity was the person who on behalf of the defendant on October 24, 2014, of whom had sought without reason, notice, or otherwise to replace plaintiff with another younger white employee(Fire Fighter William Copeland) to be the acting officer in charge when it was plaintiff's turn to do it according to the policy of the station's rotation. Chief Ackiss made no effort to confront plaintiff regarding the change and/or condoned deviation by defendants from defendants' policy, practice or procedure while having knowledge of and being in control of the state and federally regulated employment process.

## II. COMPLAINT

9). Now based on the current EEOC charge filed December 4, 2014, that issued a "Dismissal and Notice of Rights", on April 29, 2016, Plaintiff whose race is black and at the time of filing the EEOC charge was 54

years old comes now to assert below the following issues of which the defendants have sought to remain out of compliance with the statutes. Wherefore; plaintiff declares:

10). The above named defendants have denied plaintiff's entitled rights by continuing to ignore, fail and refuse to *train* and supervise plaintiff despite having knowledge of plaintiff's time to be the acting officer but instead have sought to undermine plaintiff's equal employment opportunity towards promotion with intent to generate tension, bias, degradation, and dissension for a humiliatingly perpetuating hostile work environment while without notice or otherwise afforded the younger white Fire Fighter William Copeland to take plaintiff's place of which occurred prior to expectancies of litigation from engaging in a continuing wrong violation of discriminatory retaliation as applied by the defendants based on plaintiff's race and age.

11). The above named defendants despite having

knowledge of an impending lawsuit and in the face of litigation remained deliberately in denial and defiant of Wilson's opportunity for promotions by continuing to ignore, fail, and refuse to *protect* plaintiff's entitled rights from the appearance of defendant's discriminatory and retaliatory employment practices that seems purposed with repeated denials, delays, and with deliberate intent to repeatedly inflict harms on plaintiff without any regard for the defendant's knowledge and responsibility to the laws that afforded this "person" authority to act on behalf of itself through it's employees, in which includes the "Fire Department" by causing Wilson to suffer denial of advancement while witnessing and experiencing being passed over for consideration to be the acting officer towards promotion, but rather chose to select the younger white Fire Fighter William Copeland without providing to plaintiff a reason to avoid the appearance of seeming pretextual.

12). It also appears the above named defendants have

deliberately continued to ignore, fail and refuse to *promote* plaintiff of which consequently; plaintiff has suffered physical, emotional, and financial distresses while in earnest engaging defendants to follow its well established state and federal employment policies as relied upon by plaintiff towards opportunities for promotion(s) instead of contrarily subjecting plaintiff to again experience unregulated denials for promotions while having with helplessness to have experienced and witnessed another attempt to be passed over to be the acting officer towards promotion by the defendants selecting William Copeland, another younger white Fire Fighter as all related to plaintiff having filed three previous EEOC charges of which defendants knew would lead to past and now present litigation from the triggering of continued hostile discriminatory retaliation as applied by the defendants also as a continuing wrong based on plaintiff's race and age.

13). Since this current EEOC charge, and as a result of still striving to obtain a promotion while being forced to complain about defendant's continuing wrongs that have also interfered with plaintiff before the EEOC while witnessing nothing towards rectification from defendants, additional stresses has exasperated plaintiff's ability to obtain necessary medical attention to address the physical, emotional and financial distress issues in which has ill-afforded treatment of these conditions as a result of witnessing and experiencing these persons continuing wrongs to ignore, fail, and refuse to *train, protect, and promote,* plaintiff's entitled rights for employment opportunities towards promotion(s) like other whites similarly-situated rather than being placed in subjection from the aforementioned above paragraphs that are casually connected to defendants' deliberate and reckless conduct; because plaintiff has been repeatedly harmed by continuing to helplessly witness and experience attempts to be passed over by whites

like the younger white Fire Fighter William Copeland despite repeatedly complaining without effect during this state and federally regulated employment process upon which plaintiff relies.

14). Now as stated in the EEOC charge of July 14, 2014, as compared to the current EEOC charge the following occurred:

(a). "Chief Carl Ackiss(white/age unknown), did not give any reason for allowing a young white less senior individual to be Acting Lieutenant at Station #7. Chief Carl Ackiss later contacted me and told me it was not fair to send a guy to my station and let him be in charge of me." (EEOC charge of 07/14/14)

(b). "No reason was given for Firefighter Copeland being the acting officer in charge. Mr. Copeland told me that Carlton Ackiss, Battalion Chief want him and I to discuss who would be acting and come up with an agreement. Chief Ackiss never contacted me about the change." (current EEOC charge of

12/04/14)

15). As a result of this hostile work environment as viewed by plaintiff, plaintiff's white superiors and comrades of the defendants, plaintiff has been deemed as someone others can't trust or take plaintiff's word for what plaintiff expresses even if it is the will of the employer as given from plaintiff's superiors of which again further frustrates, incubates, stifles, and perpetuates bias and/or prejudices towards plaintiff within as it appears the state and federally unregulated employment process.

16). Now the effects from defendants' action by selecting William Copeland, another younger white Fire Fighter has generated with more intensity for hostilities towards plaintiff because plaintiff chose to stand up for plaintiff's entitled state and federally protected rights by speaking out to and against plaintiff's comrades and superiors of whom all have appeared as biased, and/or prejudiced against plaintiff because of plaintiff's views on the promotion

process and plaintiff's Evaluation received from plaintiff's superiors towards even on a Merit raise as a Fire Fighter with a lower score and no merit raise. 17). Chief Ackiss on behalf of defendant("the City") having appeared to *execute a deliberate usurpation of power* while engaging in such reprehensible misconduct to *dare with open defiance to secede* from the *mandated* state and federally regulated employment laws of which plaintiff relies for naught as contrarily displayed with defendant's egregious and flagrant employment practices, policies and procedures of which Chief Ackiss, was/is delegated to manage and control the promotional process did knowingly, intentionally, and willfully had sought to implement continued outcomes with discriminatory denials of which has harmed plaintiff by humiliatingly subjecting Wilson, Wilson's qualifications, and entitled rights for advancement to being forced to helplessly witness and experience being passed over for the expressed purpose of selecting William Copeland another younger white Fire Fighter to

be the acting officer to take plaintiff's place of which occurred prior to litigation in a continuing wrong of discriminatory retaliation as applied by the defendant based on plaintiff's race and age.

### III.   RELIEF SOUGHT

A.  Plaintiff requests the court to grant Injunctive Relief as follows:

B.  The Defendant through its agents, supervisors, employees, etc. be enjoined from maintaining current unlawful employment practices against Plaintiff in violation of Title VII of Civil Rights Act of 1964 as conflicting with Title VII and laws.

C.  Issue an injunction prohibiting denial of equal employment opportunity to Plaintiff and comply with Title VII, and laws of the United States. See Exhibits A-B (includes Right to Sue Letter).

D.  In accord with the foregoing, plaintiff Jupiter D. Wilson claims damages against defendants as follows:

| | |
|---|---|
| Compensatory | $50,000 Dollars |
| travel expenses | $500 Dollars |
| mental anguish | $500,000 Dollars |
| expected loss | $75,000 Dollars |
| of lifetime investment | $25,000 Dollars |
| of his property | $49,500 Dollars |
| and loss of his stability | $150,000 Dollars |
| protection, care and residence | $150,000 Dollars |

Punitive damages:                         $2.4 Million Dollars

Attorney fees, 42 U.S.C. § 1988(b):$1.6 Million Dollars

**Total damages:**                        **$5 Million Dollars**

Wherefore; plaintiff demands judgment against Defendants for fair opportunity for promotions from Lieutenant to Deputy Chief in addition to plaintiff's costs expended in this action(pursuant to state and federal law).  Plaintiff does hereby give Notice for

Leave to file Amended Motion for Judgment and Injunctive Relief pursuant to ADEA, Title VII and Title 42 USC section 1983, the 14th Amendment, included but not limited thereto; and supplemental pleadings and request competent legal counsel be timely appointed in the interest of justice for fair representation of a proper case to the Court.

Respectfully Submitted,                                June 17, 2016

*Jupiter D. Wilson Sr.*
Jupiter D. Wilson Sr., pro se  757-560-7449
1600 Head of River Road
Chesapeake, Virginia 23322